UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GARY C. LIZALEK,**

    Petitioner,

    v.                                                                  Case No. 23-CV-30-SCD

**UNITED STATES OF AMERICA,**

    Respondent.

---

### DECISION AND ORDER DENYING AMENDED PETITION TO QUASH SUMMONS

---

Gary Lizalek seeks to quash four third-party summonses issued by the Internal Revenue Service relating to a federal investigation of Lizalek's income taxes. The United States has moved for an order summarily denying the petition to quash. Because the United States has shown that the summonses are valid and enforceable and Lizalek has failed to present a legally sufficient defense to the summonses, I will grant the United States' motion and deny Lizalek's petition.

## BACKGROUND

The IRS has been investigating Lizalek's federal income tax returns for several years. *See* Shodunke Decl. ¶¶ 3–4, ECF No. 18. The investigation initially focused on Lizalek's 2018 return, which appeared to understate his tax liabilities for that tax year. *Id.* ¶¶ 4, 15. As part of its investigation, an IRS revenue agent requested Lizalek provide certain documents related to his 2018 tax liabilities; Lizalek, however, did not turn over the requested documents. *Id.* ¶ 5. The IRS reassigned the investigation to revenue agent Olurotimi Shodunke, who sent Lizalek another request for documents. *Id.* ¶¶ 1, 3, 6–7. Shodunke also informed Lizalek that

the IRS had expanded its investigation to tax years 2017 through 2020. Again, Lizalek failed to provide the requested documents.

Hitting a dead-end with Lizalek, the IRS turned to other entities that may have information about his tax liability for the years under investigation. The IRS told Lizalek that it intended to contact third parties as part of its examination into his tax returns. Shodunke Decl. ¶ 9. On December 21, 2022, the IRS issued an administrative summons to American Express seeking documents related to Lizalek's tax liability for the years 2016 to 2021. *Id.* ¶ 10 (citing Ex. G, ECF No. 18-7). The IRS sent Lizalek a copy of the summons by certified mail to his last known address. *Id.* (citing Ex. H, ECF No. 18-8). On January 5, 2023, the IRS issued administrative summonses to WE Energies, *id.* ¶ 11 (citing Ex. I, ECF No. 18-9); UW Credit Union, *id.* ¶ 12 (citing Ex. J, ECF No. 18-10); and Comcentia LLC, *id.* ¶ 13 (citing Ex. K, ECF No. 18-11). Again, the IRS sent Lizalek copies of the additional summonses via certified mail to his last known address. *See* Ex. H.

Proceeding without a lawyer, on January 9, 2023, Lizalek filed a petition to quash the American Express summons in federal district court. *See* Pet., ECF No. 1. Lizalek later filed an amended petition seeking to quash the other three summonses (in addition to the American Express one). *See* Am. Pet., ECF No. 8. The matter was reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 13, 14. Since then Lizalek has flooded the court's inbox with numerous filings, including but not limited to: a motion for default judgment, ECF No. 15; a motion to strike, ECF No. 21; two motions to compel, ECF Nos. 27 and 38; two motions for summary judgment, ECF Nos. 28 and 29; a motion to remove the United States' attorneys, ECF No. 33; and a motion to disqualify me as the judge presiding over this action, ECF No.

41. On May 5, 2023, the United States filed a motion for summary denial of the amended petition to quash, ECF No. 16, which I construe as a response to the amended petition, *see Gonzalez v. United States*, No. 11-cv-4390, 2011 WL 4688721, 2011 U.S. Dist. LEXIS 114169, at *3 (N.D. Ill. Oct. 4, 2011) (construing a motion to dismiss a petition to quash a third-party tax summons as a response to the petition). The amended petition is fully briefed and ready to be resolved. *See* Respt.'s Mem., ECF No. 17; Petr.'s Resp., ECF No. 20; Petr.'s Mem., ECF No. 22; Respt.'s Reply, ECF No. 25.

## LEGAL STANDARDS

"Section 7602 of the Internal Revenue Code grants the IRS 'broad power' to issue summonses to investigate violations of the tax code." *Khan v. United States*, 548 F.3d 549, 553 (7th Cir. 2008) (quoting *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998)). Under that section of the Code, the Secretary of the Treasury may "examine books and records, issue summonses and take testimony for the purposes of 'ascertaining the correctness of any return, making a return where none has been made; [or] determining the liability of any person for any internal revenue tax.'" *Id.* (quoting 26 U.S.C. § 7602(a)). The Seventh Circuit has "recognized the IRS summons power as 'vital to the efficacy of the federal tax system, which seeks to assure that taxpayers pay what Congress has mandated and to prevent dishonest persons from escaping taxation thus shifting heavier burdens to honest taxpayers.'" *Id.* at 553–54 (quoting *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003)).

Section 7609 of the Code "specifies the procedures to be followed in cases in which the documents summoned are in the possession of a third-party record keeper, such as a bank." *Cermak v. United States*, No. 96-2933, 1997 WL 312261, 1997 U.S. App. LEXIS 13706, at *2 (7th Cir. June 5, 1997). "When the IRS serves a summons on a third-party record keeper,

3

the person whose records are the subject of the summons is entitled to notice that the summons has been served." *Beck v. United States*, 60 F. App'x 551, 552 (6th Cir. 2003) (citing 26 U.S.C. § 7609(a)). "Notice . . . is sufficient if it is mailed by certified or registered mail to the last known address of the person entitled to notice." *Id.* (quoting *Clay v. United States*, 199 F.3d 876, 878 (6th Cir. 1999)). A person who is entitled to notice under § 7609(a) "may contest the summons by filing a petition to quash the summons within twenty days of the date on which notice of the summons was 'mailed by certified or registered mail to him by the IRS.'" *Id.* (quoting *Shisler v. United States*, 199 F.3d 848, 850 (6th Cir. 1999)); *see also* 26 U.S.C. § 7609(b)(2)(A). "Summons proceedings are meant to be summary in nature." *Miller*, 150 F.3d at 772 (citing *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1226 (7th Cir. 1997)).

## DISCUSSION

Lizalek seeks to quash the summonses issued to American Express, WE Energies, UW Credit Union, and Comcentia LLC for three reasons. First, he contends the United States violated the Paperwork Reduction Act by failing to inform him that he doesn't need to respond to a collection of information unless it displays a valid control number. Am. Pet. 9. Second, according to Lizalek, the United States has failed to satisfy the requirements for issuing a summons established by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964). Am. Pet. 10. Finally, Lizalek maintains that the federal government lacks legislative jurisdiction over him. *Id.* at 10–11.

### I. The IRS Did Not Violate the Paperwork Reduction Act

"The Paperwork Reduction Act of 1980 . . . was enacted in response to a concern that in its tireless quest for information, the federal bureaucracy was imposing an everincreasing burden on citizens and small businesses." *Salberg v. United States*, 969 F.2d 379, 383 (7th Cir.

4

1992) (citing 44 U.S.C. §§ 3501–21). "The PRA requires federal agencies to submit all 'information requests'"—including tax forms—"to the Office of Management and Budget (the OMB) for approval." *Id.* "If the Director of the OMB approves the information request, the Act requires that he assign it a control number." *Id.* "An agency may not attempt to collect information unless it has obtained the Director's approval along with a control number to display on the information request." *Id.* (citing 44 U.S.C. § 3507). "If an agency's information request does not display an OMB number, 'no person shall be subject to any penalty for failing to maintain or provide information' to the agency pursuant to the request." *Id.* (citing 44 U.S.C. § 3512).

Lizalek appears to claim that he didn't need to respond to the IRS's requests for information because the letters he received lacked a valid OMB number. That requirement, however, "specifically does not apply to the collection of information during the conduct of an administrative action or investigation involving an agency against specific individuals or entities." *Cameron v. IRS*, 593 F. Supp. 1540, 1556 (N.D. Ind. 1984) (citing 44 U.S.C. § 3518(c)(1)(B)(ii)). "The process of assessment and collection of taxes quite appropriately falls under this exception to § 3512." *Id.* Thus, the IRS's requests for information did not need to have OMB numbers to be valid under § 3512. *See id.*; *see also United States v. Saunders*, 951 F.2d 1065, 1066–67 (9th Cir. 1991) (collecting cases finding that the Act does not apply to forms issued during an investigation into a taxpayer's tax liability). Moreover, Lizalek fails to explain how a request for information without an OMB number would somehow invalidate a third-party tax summons (which also would be valid absent an OMB number).

## II. The Summonses Are Valid, and the IRS Issued Them in Good Faith

Deciding whether to quash or to enforce a third-party administrative summons involves the same burden-shifting process. *See 2121 Arlington Heights*, 109 F.3d at 1224.[1] "First, the government must make a prima facie case that the IRS issued the summons in good faith." *Id.* (citing *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981); *United States v. Gertner*, 65 F.3d 963, 966 (1st Cir. 1995)). To satisfy this minimal burden,

> the government must show only that the IRS complied with four requirements imposed by the Supreme Court in [*United States v. Powell*]: that the investigation has a proper purpose, the information sought may be relevant to that purpose, the IRS does not already have the information, and the IRS has followed the statutory requirements for issuing a summons.

*Miller*, 150 F.3d at 772 (citing *2121 Arlington Heights*, 109 F.3d at 1224). "In addition, the United States must not violate provisions of § 7602, including § 7602(d)(1), designed to ensure the summons is issued in good faith." *Khan*, 548 F.3d at 554. "The government typically makes [these] showing[s] through the affidavit of the revenue agent conducting the audit." *2121 Arlington Heights*, 109 F.3d at 1224 (citing *Kis*, 658 F.2d at 536).

Second, "[o]nce the government has established a *prima facie* case, the burden shifts to the taxpayer to show . . . a valid defense." *Gonzalez*, 2011 U.S. Dist. LEXIS 114169, at *5 (citing *2121 Arlington Heights*, 109 F.3d at 1224). To satisfy this heavy burden, the taxpayer must "either present facts to disprove one of the Powell factors, or . . . show that the IRS

---

[1] The United States insists that, because it has moved to dismiss the petition—rather than seek enforcement of the summonses—it does not need to establish a *prima facie* case, and instead the burden shifts immediately to Lizalek. *See* Respt.'s Mem. 6 (citing *O'Doherty v. United States*, Nos. 05 C 3639, 05 C 3995, 2005 WL 3527271, 2005 U.S. Dist. LEXIS 34900, at *13 (N.D. Ill. Dec. 20, 2005); *Cosme v. IRS*, 708 F. Supp. 45, 48 (E.D.N.Y. 1989)). Because the United States has nevertheless attempted to make a *prima facie* showing of the summonses' validity, I will proceed with the burden-shifting framework. *See Kalra v. United States*, No. 12-cv-3154, 2014 WL 242763, 2014 U.S. Dist. LEXIS 7449, at *4 n.2 (N.D. Ill. Jan. 21, 2014) (finding the distinction "unimportant" where the government has successfully established a *prima facie* case via affidavits from the investigating agent); *Gonzalez*, 2011 U.S. Dist. LEXIS 114169, at *5 n.2 (same).

issued the summons in bad faith." *Miller*, 150 F.3d at 772 (citing *2121 Arlington Heights*, 109 F.3d at 1224). "He 'must do more than just produce evidence that would call into question the Government's *prima facie* case'; rather, he carries the burdens of production and proof." *Kalra*, 2014 U.S. Dist. LEXIS 7449, at *5 (quoting *Kis*, 658 F.2d at 538–39).

The sworn declaration from Agent Shodunke sufficiently satisfies the United States' initial burden to show that the IRS issued the summonses in good faith. Shodunke states that the IRS issued the summonses to American Express, WE Energies, UW Credit Union, and Comcentia LLC to examine Lizalek's tax liability for the years 2017 through 2020, as his returns appear to have understated his liability. Shodunke Decl. ¶ 15. The Internal Revenue Code expressly lists ascertaining the correctness of a return and determining a person's tax liability as legitimate investigative purposes. *See* § 7602(a). According to Shodunke, the information sought from those third parties is relevant to that purpose, as it relates directly to Lizalek's financial activities during the 2017 through 2020 tax years and may shed light on the correctness of his returns. Shodunke Decl. ¶ 16. Shodunke also states that the IRS does not already possess the information sought from those parties and that the IRS has followed all administrative steps for issuing a summons. *Id.* ¶¶ 17–18. Finally, Shodunke asserts that no Justice Department referral was in effect at the time the IRS issued the summonses or at the time he submitted his declaration. *Id.* ¶¶ 19–20.

Lizalek has failed to meet his burden to show a valid defense to the summonses. He says that the Shodunke declaration is invalid because it contains a fictitious name and a fraudulent signature. Neither concern has merit. As the United States persuasively explains—and supports with a supplemental declaration from Agent Shodunke, ECF No. 26—Shodunke used a shortened version of his name (Rotimi) and an electronic signature on the

7

summonses, whereas the declaration contains his full name (Olurotimi) and a wet ink signature. There is no doubt that the summonses and the declarations were signed by the same person.

Lizalek also appears to take issue with the fourth *Powell* factor, claiming that the United States failed to give him the statutorily required notice of the requests for information and the summonses. The Internal Revenue Code, however, requires only advance notice of the IRS's intent to seek information from third parties, *see* 26 U.S.C. § 7602(c), and reasonable notice of the summons itself, *see* § 7609(a); the Code does not require proof of service of an information request. Moreover, the record demonstrates that Lizalek *was* provided the notice he says was lacking. Agent Shodunke indicates Lizalek was sent letters informing him that his returns were under examination, two requests for information, a letter informing him that the IRS intended to contact third parties, and a copy of each of the summonses (which included notice of Lizalek's right to file a petition to quash the summonses). Shodunke Decl. ¶¶ 4–14.

Although Lizalek says that addressing on a letter does not prove the letter was actually mailed to that person, Shodunke also attached to his declaration certified mail receipts from the mailings. *See* Shodunke Decl. ¶¶ 10–14 (citing Ex. H); *see also* 26 U.S.C. § 7609(a)(2) ("Such notice shall be sufficient if . . . such notice . . . is mailed by certified or registered mail to the last known address of such person."). Lizalek does not accuse the IRS of having the wrong name[2] or address; he admits that he received notice of the intent to contact third parties, *see* Petr.'s Resp. 5, and copies of the summonses, *see* ECF No. 9-1; and Shodunke states that Lizalek corresponded with the IRS about the investigation, *see* Shodunke Decl. ¶ 8. Thus,

---

[2] The court rejects as frivolous Lizalek's argument that the mailings were insufficient because "Gary C. Lizalek" is a legal fiction or a bailment of the United States. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that such "theories should be rejected summarily, however they are presented").

8

Lizalek has not presented any facts to suggest that the IRS failed to follow the statutory requirements for issuing a third-party summons.

## III. The IRS Has Authority to Tax Lizalek and to Examine His Tax Liability

Finally, Lizalek claims that the United States lacks legislative jurisdiction over him, apparently believing that the federal government can exercise legislative power over only the District of Columbia. He's wrong. The Seventh Circuit has rejected this same argument as not "merely frivolous" but "frivolous squared," as it's been "rejected in countless cases." *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (issuing a show-cause sanction order for filing a frivolous appeal). The federal tax code is constitutional and applies to "United States citizens throughout the nation, not just in federal enclaves." *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir. 1991) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)); *see also Dennis v. United States*, 660 F. Supp. 870, 875 (C.D. Ill. 1987) (noting that challenges to the statutory authority of the IRS have been "consistently rejected"); *United States v. Heist*, No. 18-cv-956-jdp, 2019 WL 464890, 2019 U.S. Dist. LEXIS 19006, at *2 (W.D. Wis. Feb. 6, 2019) ("The government is constitutionally and statutorily authorized to assess and collect taxes on the income of United States citizens, from whatever source derived.") (citing U.S. Const. art. I, § 8; U.S. Const. amend. XVI; 26 U.S.C. § 1).

## IV. Lizalek's Other Filings Do Not Preclude Denying His Amended Petition

Lizalek's myriad other filings require little discussion. He moved for default judgment without first seeking entry of default, *see* Fed. R. Civ. P. 55(a), and *before* the United States' responsive pleading was due, *see* Fed. R. Civ. P. 12(a)(2). He provides no legal basis to strike the United States' motion for summary denial of the petition. *See* E.D. Wis. Civ. L. R. 56(b)(9) (noting that motions to strike are disfavored). He seeks to compel production of a treatise that

9

purportedly supports his frivolous jurisdictional argument. He requests summary judgment based on that same frivolous argument and the equally frivolous argument that Agent Shodunke's signatures are invalid. He offers no legal basis to remove the United States' attorneys, whom he repeatedly—and inappropriately—refers to as "Satan." And finally, he provides no legal basis to disqualify me from presiding over this action or to require my recusal. *See* 28 U.S.C. § 455.

## CONCLUSION

For all the foregoing reasons, the court **GRANTS** the respondent's motion for summary denial of petition to quash summonses, ECF No. 16; **DENIES** the petitioner's motions, ECF Nos. 15, 21, 27, 28, 29, 33, 38, 41; **DENIES** the petitioner's amended petition to quash summons, ECF No. 8; and **DISMISSES** this action.

**SO ORDERED** this 22nd day of November, 2023.

*[signature]*
STEPHEN C. DRIES
United States Magistrate Judge