UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GARY C. LIZALEK,**

    **Petitioner,**

    v.                                                **Case No. 23-CV-30-SCD**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER DENYING PETITIONER'S MOTION TO STRIKE

Gary Lizalek filed this action in January 2023, seeking to quash four third-party summonses issued by the Internal Revenue Service relating to a federal investigation of Lizalek's income taxes. *See* ECF No. 1. On November 22, 2023, I denied Lizalek's amended petition to quash the summonses because the United States had shown that the summonses were valid and enforceable and because Lizalek had failed to present a legally sufficient defense to the summonses. *See* ECF No. 44. Judgment was entered that same day. *See* ECF No. 45. On December 22, 2023, Lizalek filed a motion to strike section III of the court's decision and order, ECF No. 46, as well as an "objection" to that portion of the decision, ECF No. 47.

Lizalek presented three reasons in support of his petition to quash the summonses, but only the third one is relevant here. Lizalek argued in "Cause Three" of his amended petition that the United States lacked jurisdiction to investigate his taxes. *See* ECF No. 8 at 10–11. According to Lizalek, the United States' legislative jurisdiction is limited to Washington D.C. and other properties purchased by the federal government. *Id.* at 2–3. Lizalek says that this

limitation was affirmed in a 1956 study concerning the United States' jurisdiction over federal areas within the states.

I rejected Lizalek's argument in a single, four-sentence paragraph (section III of the court's analysis). *See* ECF No. 44 at 9. I noted that the Seventh Circuit had rejected that same jurisdictional argument in "countless cases," finding it not "merely frivolous" but "frivolous squared." *Id.* (quoting *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999)). I also noted that that federal tax code is constitutional and applies to "United States citizens throughout the nation, not just in federal enclaves." *Id.* (quoting *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir. 1991)).

Lizalek contends that section III "contains only off-point case citations, finds facts that do not exist in the instant case, and makes these findings against the United States." ECF No. 46 at 1; *see also* ECF No. 47. Lizalek first says that he provided undisputed evidence proving that he is a "bailment" of the United States. As explained in the court's decision and order, that argument is frivolous on its face. *See* ECF No. 44 at 8 n.2 (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)). Lizalek also takes issue with the court's citations to *Cooper* and *Sloan*, among other cases, claiming that he never argued that only residents of D.C. and other federal enclaves are subject to federal tax laws or that he had no legal requirement to pay federal income taxes. He did, however, contest the legislative jurisdiction of the United States, and he suggested that the United States' jurisdiction was limited to D.C. and other federal authorities. So *Cooper* and *Sloan* are on point. Despite Lizalek's attempts to distance himself from the so-called tax protestor movement, several of his arguments closely resemble the playbook of adherents to that philosophy. And to the extent Lizalek accuses the court of

2

misconstruing or misunderstanding his arguments, that was his own doing, as evidenced by his myriad, unsolicited filings.

Put simply, Lizalek has not presented any reason to strike section III of the court's decision and order. He also fails to explain how striking that portion of the decision would change the outcome of this action. It wouldn't. Accordingly, for all the foregoing reasons, the court **DENIES** the petitioner's motion to strike, ECF No. 46.

**SO ORDERED** this 2nd day of February, 2024.

*Stephen C. Dries*
STEPHEN C. DRIES
United States Magistrate Judge